**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Dell–Corning Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Polywrap Recycling, Inc.,<br><br>Defendant. | **COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Dell-Corning Corporation brings this Complaint for declaratory judgment against Defendant Polywrap Recycling, Inc., alleging as follows:

### PARTIES

1. Plaintiff Dell-Corning Corporation is a corporation organized and existing under the laws of the State of Washington with a principal place of business located at 575 John Dodd Road, Spartanburg, South Carolina 29303.

2. Defendant Polywrap Recycling, Inc. is a corporation organized and existing under the laws of the State of Wisconsin with a principal place of business located at 1434 S 12th Street, Sheboygan, Wisconsin 53081.

### NATURE OF THE ACTION

3. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, seeking a declaratory judgment that the claim of U. S. Patent No. D827,448 (the "'448 Patent") is invalid and

unenforceable and that Plaintiff's products do not infringe the claim of the '448 Patent. A true and accurate copy of the '448 Patent is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 and because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States.

5. Venue is proper at least pursuant to 28 U.S.C. § 1391 because Plaintiff maintains its principal place of business in this judicial District.

6. The Court has personal jurisdiction over Defendant because it has purposefully directed extra-judicial enforcement activities at this forum. Further, on information and belief, Defendant has and regularly transacts business in the State of South Carolina and in this judicial District, contracts to supply goods in the State of South Carolina and in this judicial District, and/or enters into contracts to be performed in whole or in part by either party in the State of South Carolina and in this judicial District.

## FACTUAL BACKGROUND

7. Plaintiff is the largest automotive interior protective products manufacturer in the Americas and a top-tier supplier of automotive, medical, engineered packaging, and consumer products. Plaintiff provides multi-national and North American companies with products tailored to fit the needs of each, and is valued for its innovation, quality, responsiveness, and reliability.

8. On or around May 13, 2025, Defendant sent, by and through its attorneys, a cease-and-desist letter to a customer of Plaintiff:

   a. Claiming ownership of the '448 Patent;

   b. Accusing certain of Plaintiff's plastic bag products ("the Accused Products") of infringing the '448 Patent;

   c. Attaching a claim chart, a detailed infringement analysis, comparing the Accused Products to the claim of the '448 Patent;

   d. Demanding that the customer cease-and-desist from further allegedly-infringing activity;

   e. Demanding that the customer provide Defendant with an accounting of the Accused Products sold;

   f. Demanding the customer pay damages;

   g. Demanding written assurances as to d – f;

   h. Threatening the customer that failure or delay to abide by the demands may create a claim of willful infringement; and

   i. Reserving all rights, remedies, or defenses.

9. Plaintiff was subsequently made aware of this May 13, 2025, cease-and-desist letter.  On or around June 18, 2025, Plaintiff, by and through its attorneys, responded to Defendant by providing Defendant substantial evidence that the claim of the '448 Patent is invalid and unenforceable and requesting that Defendant release Plaintiff and Plaintiff's customer from the '448 Patent.  Plaintiff also identified sales of invalidating prior commercialized plastic bags along with declarations from individuals

within the business corroborating the identified sales. Plaintiff further identified a number of prior art references rendering the claim of the '448 Patent invalid, including references having the following patent numbers and published patent application numbers: AU3204095A, DE19720020C1, EP2792609A1, ES2534233T3, FR1558379A, HUE026172T2, JP09150841A, JP2002145319A, PT2362845E, US20040013325A1, US20050181923A1, US5786010A, US5814382A, US9079704B2, WO0069617A3, WO0132824A1, and WO0132824A9.

10. On August 22, 2025, Defendant replied to Plaintiff's June 18, 2025 communication by disputing the evidence that Plaintiff had provided, by specifying that Plaintiff cease its activity regarding the Accused Products or pay to Defendant a royalty, and thus evidencing continuing intent to enforce the '448 Patent.

11. There is therefore a real, definite, and substantial controversy between Plaintiff and Defendant, parties having genuine legal interests adverse to one another, concerning infringement, or not, and validity, or not, of the '448 Patent.

12. Under all the circumstances, including those identified hereinabove, Defendant's threats to Plaintiff and to Plaintiff's customer regarding allegations of patent infringement have created reasonable apprehension on the part of Plaintiff, and a realistic risk to Plaintiff, that Defendant will file suit against Plaintiff, or will file suit against Plaintiff's customer and thus cause a potential indemnity obligation from Plaintiff to Plaintiff's customer.

13. Defendant's activities have put Plaintiff in the position of having to choose between risking suit by Defendant for alleged patent infringement or abandoning the allegedly-infringing activity.

14. The controversy between Plaintiff and Defendant is of sufficient immediacy and reality to warrant the issuance of specific relief: the declaratory judgments described hereinbelow.

## FOR A FIRST CAUSE OF ACTION

### Declaratory Judgment of Patent Claim Invalidity

15. The preceding allegations are incorporated by reference as if fully set forth verbatim herein.

16. The aforesaid actions, accusations, and demands by Defendant have given rise to an actual and justiciable controversy within the jurisdiction of this Court concerning the validity and enforceability of the claim of the '448 Patent.

17. The claim of the '448 Patent is invalid and/or unenforceable for one or more of the following reasons:

   a. Failure to comply with the statutory requirements as set forth in 35 U.S.C. § 171, at least because the claimed design is functional, rather than ornamental; and/or

   b. Failure to comply with the statutory requirements of novelty as set forth in 35 U.S.C. § 102, at least because the claimed design is not novel and has been in the public domain more than one year before the filing date of the '448 Patent; and/or

    c. Failure to comply with the statutory requirement of nonobviousness as set forth in 35 U.S.C. § 103, at least because the claimed design is obvious; and/or

    d. Failure to comply with the statutory requirements set forth in 35 U.S.C. § 111.

18. Plaintiff is entitled to the decree and declaration of this Court that the claim of the '448 Patent is invalid.

19. The action is an exceptional case that supports the award of attorneys' fees, costs, and expenses for Plaintiff against Defendant pursuant to 35 U.S.C. § 285.

## FOR A SECOND CAUSE OF ACTION

### Declaratory Judgment of Noninfringement

20. The preceding allegations are incorporated by reference as if fully set forth verbatim herein.

21. The aforesaid actions, accusations, and demands by Defendant have given rise to an actual and justiciable controversy within the jurisdiction of this Court concerning the non-infringement of the '448 Patent.

22. Plaintiff has not infringed and does not infringe the claim of the '448 Patent, either literally or under the doctrine of equivalents, either directly, contributorily, or by inducement at least because the claim of the '448 Patent is invalid. Additionally, or alternatively, an ordinary observer would not find the design of the Accused Products to be substantially similar to any protectable ornamental, non-functional features of the

design claimed in the '448 Patent such that they would be deceived into purchasing the Accused Products believing them to be the claimed design.

23. Plaintiff is entitled to a decree and declaration of this Court that its Accused Products do not infringe the claim of the '448 Patent.

24. The action is an exceptional case that supports the award of attorneys' fees, costs, and expenses for Plaintiff against Defendant pursuant to 35 U.S.C. § 285.

## DEMAND FOR TRIAL BY JURY

25. Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment:

A. That the Court order and declare that the claim of the '448 Patent is invalid and unenforceable;

B. That the Court order and declare that Plaintiff's Accused Products do not infringe the claim of the '448 Patent;

C. That the Court enjoin Defendant and its officers, agents, employees, representatives, and all others acting in privity and/or concert with them, from alleging infringement of the claim of the '448 Patent against Plaintiff and Plaintiff's customers;

D. That this case be found to be exceptional within the meaning of 35 U.S.C. § 285;

E.    That the Court award to Plaintiff its reasonable attorneys' fees and costs in connection with this action; and

F.    Such other and further relief as the Court may deem just and proper.

        Respectfully Submitted,

        Parker Poe Adams & Bernstein LLP

September 8, 2025        *s/Timothy D. St.Clair*
        Timothy D. St.Clair (Fed ID # 4270)
        Tasneem A. Dharamsi (Fed ID # 13649)
        110 E. Court Street, Suite 200
        Greenville, SC 29601
        Telephone: 864-577-6371
        Facsimile: 864-242-9888
        Email: timstclair@parkerpoe.com
        Email:  tasneemdharamsi@parkerpoe.com

        ATTORNEYS FOR PLAINTIFF